CHARLES FORT, PROSECUTOR, v. DUY H. DILKS, RESPONDENT.

Submitted July 3, 1919—Decided October 14, 1919.

A justice of the peace has no authority to hear and determine an action for the recovery of a penalty for the violation of the provision of chapter 248 of the statute of 1914. Jurisdiction in such cases is vested by the statute in a police magistrate or a District Court, and no express power to enforce a penalty for the violation of the act is given a justice of the peace.

On *certiorari*.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the prosecutor, *Rex Donnelly*.

For the respondent, *Roscoe C. Ward*.

The opinion of the court was delivered by

BERGEN, J.   This writ seeks to review the conviction of the prosecutor for a violation of chapter 248, *Pamph. L.* 1914, *p.* 517.   Supplement to *Comp. Stat.* 1911–1915, *p.* 1627.

Section 2 provides that, with certain exceptions, no person shall sell or deliver any fruit in a container, unless it shall have marked on it the capacity thereof, and the name and address of the manufacturer, or a symbol furnished by the superintendent of weights and measures, instead of the name. Section 3 fixes the penalty for any violation, to be collected as other penalties may be under the act to which the statute of 1914 is a supplement, which provides that the action to recover such penalties shall be brought before a police magistrate, or District Court, of any municipality of this state. This suit was brought before a justice of the peace, who had no jurisdiction unless we interpret a police magistrate to mean a justice of the peace.   This, we think, we cannot do. The powers of a justice of the peace, incident to his office, are entirely ministerial and relate to the conservation of the peace.   "Their civil power is wholly statutory, and where none is expressly conferred, they do not possess it." *Schroder* v. *Ehlers*, 31 *N. J. L.* 44; *Flavell* v. *Britton*, 56 *Id.* 218; *Rhinehart* v. *Lance*, 43 *Id.* 311.   That there is a distinction between a police magistrate and a justice of the peace is quite manifest.   We have a statute entitled "An act relating to police justices in this state" (*Comp. Stat.*, *p.* 3974), and others of like nature, which provide for the appointment of such an officer and conferring powers inconsistent with those given by statute to justices of the peace, and such an office is clearly distinguished by statute from that of justice of the peace.   In the statute under review, the authority to enforce the payment of the penalty prescribed for a violation of the law is

vested alone in a District Court, or a police magistrate. The argument that the law cannot be enforced in some parts of the state unless justices of the peace are given authority to act we cannot yield to, as the conferring of power to enforce a law is legislative and not judicial. The authority must be express and cannot be implied. *Vineland* v. *Kelk,* 73 *N. J. L.* 285. But if there was jurisdiction, the conviction is erroneous for the following reasons:

1. The record does not show that the defendant sold or delivered any fruit in any container. All it shows is that the complaining officer found at an exchange store a large quantity of empty baskets in bundles, most of them marked with defendant's name, but among them one bundle with no manufacturer's name on the basket. There was no proof that they were made by, or belonged to, defendant, the only proof being that it did not.

2. The penalty provided by the act does not apply to manufacturers of containers, but only to those selling fruit in the forbidden containers.

3. The judgment does not contain any finding that defendant was found guilty of selling fruit in unlawful baskets, or of what he was convicted, and this, perhaps, because he could not be convicted of selling fruit to anyone, or of offering to sell, without which the court has no jurisdiction to proceed under the statute. The conviction will be set aside, with costs.